UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARONE M. JONES,

                    Petitioner,

    -against-                              22-CV-3817 (LTS)

UNITED STATES OF AMERICA,             TRANSFER ORDER

                    Respondent.

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Petitioner, who is currently incarcerated in the Federal Correction Institution, in Otisville, New York, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the legality of his conviction and sentence entered in *United States v. Jones*, No. 5:08-CR-4018-01 (N.D. Iowa Dec. 15, 2008), *aff'd*, 596 F.3d 881 (8th Cir. Mar. 3, 2010) (*reh'g en banc denied* (Apr. 12, 2010), *cert. denied*, 562 U.S. 899 (2010). For the reasons set forth below, the Court recharacterizes the petition as a motion under 28 U.S.C. § 2255 and transfers this action to the United States Court of Appeals for the Eighth Circuit.

## BACKGROUND

       In *United States v. Jones*, following a jury trial, Petitioner was convicted of one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and was sentenced to 240 months' imprisonment followed by 5 years of supervised release. No. 5:08-CR-4018-1 (LTS) (KEM) (N.D. Iowa Dec. 16, 2008). The Court of Appeals for the Eighth Circuit affirmed the conviction. No. 08-3994 (8th Cir. Mar. 3, 2010). On October 4, 2010, the Supreme Court denied the petition for a writ of *certiorari*. No. 10-5021 (2010). Petitioner then challenged his conviction and sentence by filing a motion under 28 U.S.C. § 2255. The district court denied the motion on the merits and the Court of Appeals for the Eighth Circuit dismissed Petitioner's

appeal. *Jones v. United States*, Nos. 5:08-CR-4018-01, 5:11-CV-4028 (N.D. Iowa Aug. 22, 2012), *appeal dismissed*, No. 12-3147 (8th Cir. Feb. 1, 2013), *reh'g denied* (Mar. 13, 2013).

The Eighth Circuit has denied multiple requests from Petitioner for permission to file a second or successive Section 2255 motion. *See Jones v. United States*, No. 19-1179 (8th Cir. June 4, 2019) (denying authorization to file a successive Section 2255 motion); *Jones v. United States*, No. 18-1521 (8th Cir. Sept. 4, 2018) (same);[1] *Jones v. United States*, No. 16-3825 (8th Cir. Apr. 14, 2017) (same), *motion to recall mandate denied*, (Dec. 18, 2017), *motion to reconsider, vacate, or modify denied*, (Jan. 17, 2018); *Jones v. United States*, No. 16-1328 (8th Cir. May 19, 2016) (same), *motion to recall the mandate denied*, (Dec. 18, 2017), *motion to reconsider, vacate or modify denied*, (Jan. 17, 2018); *Jones v. United States*, No. 16-2504 (8th Cir. June 23, 2016) (granting appellee's motion to dismiss petition to file a second or successive Section 2255 motion), *reh'g en banc denied*, (Aug. 3, 2016); *Jones v. United States*, No. 14-2505 (8th Cir. Dec. 2, 2014) (denying authorization to file a successive Section 2255 motion).

Here, Petitioner invokes 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255, and seeks to vacate his conviction for possession of a firearm by a felon under 18 U.S.C. §§ 922(g)(1), 924(e).[2] Petitioner argues that, in light of the Supreme Court's holding in *Johnson v. United*

---

[1] Both Nos. 19-1179 and 18-1521 were initially filed as petitions for *habeas corpus* under 28 U.S.C. § 2241 in this court. In each case, the court determined that the petitions were properly characterized as Section 2255 motions and transferred them to the Eighth Circuit as petitions for permission to file a second or successive Section 2255 motion. *See Jones v. United States*, No. 18-CV-8427 (S.D.N.Y. Jan. 18, 2019) (characterizing the Section 2241 petition as a second or successive Section 2255 motion and transferring to the Eighth Circuit); *Jones v. United States*, No. 18-CV-1720 (S.D.N.Y. Feb. 28, 2018) (same).

[2] Unlike a Section 2255 motion, which must be brought in the district of conviction, *see* 28 U.S.C. § 2255(a), a petition under Section 2241 must be filed in the district of confinement because the proper respondent is the petitioner's immediate custodian and only the district of

2

*States*, 576 U.S. 591 (2015), that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is void for vagueness, his prior convictions no longer qualify as predicate offenses for the purposes of his enhanced sentence under the ACCA.[3]

## DISCUSSION

### A.   Petitioner may not bring his claims under 28 U.S.C. § 2241

The proper jurisdictional basis for the relief Petitioner seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Under Section 2241, a prisoner may challenge the "*execution* of [his] sentence," *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (emphasis in original), such as decisions to deny parole or conditions of confinement, *see, e.g.*, *Jiminian*, 245 F.3d 144, 146; *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991). Petitioner's claim – that his conviction for possession of a firearm by a felon must be vacated – falls within the normal scope of a Section 2255 motion, but outside of the normal scope of a Section 2241 petition.

Petitioner argues that Section 2241 is nevertheless proper under the "savings clause" of Section 2255(e). In limited circumstances, a petitioner may bring a Section 2241 petition under the savings clause if a Section 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003). Section 2255 is "inadequate or ineffective" where it cannot be utilized and "the failure to allow

---

confinement has jurisdiction over the immediate custodian, *see Padilla v. Rumsfeld*, 542 U.S. 426, 442-43 (2004). Because Petitioner is incarcerated in this District, venue in this Court would be proper for a Section 2241 petition.

[3] *Johnson's* holding was later made retroactive to cases on collateral review. *See Welch v. United States*, 578 U.S. 120 (2016).

3

for collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997). Accordingly, the savings clause authorizes a petition under Section 2241 "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (emphasis in original) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (internal quotations omitted)).

Petitioner fails to meet these two requirements to challenge his conviction under Section 2241. First, he cannot show that Section 2255 is unavailable. Petitioner argues that Section 2255 is unavailable because the Eighth Circuit, under the Antiterrorism and Effective Death Penalty Act's (AEDPA) gate-keeping requirements, has denied him permission to file a second or successive Section 2255 motion to raise his *Johnson* claim.[4] (*See* ECF 2, at 25-26.) The Second Circuit, however, has held that Section 2255 relief is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original).

---

[4] As relevant here, the AEDPA's gate-keeping functions permits a prisoner to file a second or successive Section 2255 motion only if the appropriate court of appeals certifies the motion to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

4

Petitioner is correct that he could not have raised his *Johnson* claim on direct appeal or in his first Section 2255 motion because *Johnson* had not been decided at the time of those filings. Petitioner cannot show, however, that he could not have raised his claims in a prior Section 2255 motion, because he in fact *did* raise his *Johnson* claims in multiple petitions to the Eighth Circuit seeking permission to file a second or successive Section 2255 motion. *See Jones v. United States*, No. 19-1179 (8th Cir. June 4, 2019) (denying permission to file second or successive Section 2255 motion raising *Johnson* claims); *Jones v. United States*, No. 18-1521 (8th Cir. Sept. 4, 2018) (same); *Jones v. United States*, No. 16-3825 (8th Cir. Apr. 14, 2017) (same); *Jones v. United States*, No. 16-1328 (8th Cir. May 19, 2016) (same); *Jones v. United States*, No. 5:15-CV-4232 No. 16-2504 (8th Cir. June 23, 2016) (granting appellee's motion to dismiss because Petitioner's *Johnson* claims had already been presented and dismissed). The Eighth Circuit determined in those cases that Petitioner cannot meet the AEDPA's gate-keeping requirements for second or successive Section 2255 motions. Under *Adams*, however, denying a Section 2255 motion on this basis does not prove unavailability of that remedy for the purposes of bringing a Section 2241 petition. *See Adams*, 372 F. 3d at 135.

Second, even if Petitioner could argue that Section 2255 is unavailable to him, he does not allege that he is actually innocent, as that term is defined for the purposes of the savings clause. The "actual innocence" doctrine recognized in certain *habeas* contexts is "narrow" and typically "concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992) (citation omitted). To show actual innocence in the sentencing context, Petitioner must show that he is innocent of the predicate offense rather than showing that his prior convictions should not have been considered violent felonies. *See Poindexter*, 333 F.3d at

5

380–82 (discussing cases recognizing actual-innocence-of-sentencing-predicate-conviction claims but declining to apply actual innocence exception to claim of pure legal error in calculating number of predicate convictions as distinct from factual or legal innocence of predicate offenses); *see also Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013) (in Sentencing Guidelines case, explaining that defendant's "essentially legal argument that he is innocent of the [career offender] sentencing enhancement because the district court misclassified his predicate offenses . . . is insufficient to trigger the actual innocence exception"); *Norwood v. Williams*, No. 3:20-CV-0919 (MPS), 2021 WL 538099, at *5 (D. Conn. Feb. 15, 2021) (holding petitioner did not show actual innocence for purposes of Section 2255's savings clause when he argued that district court misclassified predicate offense), *appeal dismissed*, No. 21-493, 2021 WL 3854861 (2d Cir. July 14, 2021); *Salvagno v. Williams*, No. 3:17-CV-2059 (MPS), 2019 WL 109337, at *8 (D. Conn. Jan. 4, 2019) (noting that petitioner's claim that he was actually innocent of the conduct that formed the basis of a sentencing enhancement "raises none of the concerns that prompted the Second Circuit to carve out the [actual innocence] exception to Congressionally imposed limits on *habeas* jurisdiction[.]").

      Here, although Petitioner repeatedly invokes "actual innocence," he does not argue that he is actually innocent of the predicate offenses that form the basis of his sentencing enhancement under the ACCA. He instead argues that, under *Johnson*, his three prior predicate offenses no longer support his sentencing enhancement. This is a claim of legal, not actual, innocence. *See, e.g.*, *Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013). Because Petitioner does not allege that he is actually innocent of his predicate offenses, he fails to demonstrate that he is entitled to have his conviction vacated on grounds of actual innocence.

Because Petitioner fails to show that Section 2255 is unavailable and that he is actually innocent of the crime for which he has been convicted, he may not challenge his conviction under Section 2241.

**B.      Transfer to the Eighth Circuit**

The proper jurisdictional basis for the relief Petitioner seeks is Section 2255. A Section 2255 motion is second or successive when a previous Section 2255 motion was adjudicated on the merits. *Carrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize another submission as a second or successive Section 2255 motion without providing the litigant an opportunity to withdraw the submission. *Jiminian*, 245 F.3d at 148. Because Petitioner has already filed a Section 2255 motion that was decided on the merits, the Court recharacterizes the present Section 2241 petition as a second or successive Section 2255 motion.

Before a litigant may file a second or successive Section 2255 motion in a federal district court, authorization from the appropriate Court of Appeals is required. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner has not indicated that he received authorization from a Court of Appeals to file this Section 2255 motion. Therefore, Petitioner must request permission to pursue this motion from the United States Court of Appeals for the Eighth Circuit. Because second or successive Section 2255 motions should be transferred to the appropriate Court of Appeals, *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), in the interest of justice, the Court transfers this motion to the United States Court of Appeals for the Eighth Circuit, *see* 28 U.S.C. § 1631.

## CONCLUSION

In the interest of justice, the Court transfers this second or successive Section 2255 motion to the United States Court of Appeals for the Eighth Circuit. 28 U.S.C. § 1631. The Clerk of Court is directed to terminate all pending motions. This order closes this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 28, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge