UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARONE M. JONES,

                Petitioner,

    -against-

WARDEN W.S. PLILER, F.C.I. OTISVILLE,

                Respondent.

22-CV-3817 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Tarone M. Jones brought this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the legality of his conviction and sentence entered in *United States v. Jones*, No. 5:08-CR-4018-01 (N.D. Iowa Dec. 15, 2008), *aff'd*, 596 F.3d 881 (8th Cir. Mar. 3, 2010) (*reh'g en banc denied* (Apr. 12, 2010), *cert. denied*, 562 U.S. 899 (2010). By order dated June 28, 2022, the Court held that the proper jurisdictional basis for the relief Petitioner seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241; rejected Petitioner's argument that his claim may be brought under the "savings clause" of Section 2255(e); recharacterized the petition as a second or successive Section 2255 motion; and, in the interest of justice, transferred the action to the United States Court of Appeals for the Eighth Circuit for that court to determine whether Petitioner may file a second or successive Section 2255 motion. On July 13, 2022, the Court received from Petitioner a "Motion for De Novo Review and Objections," in which he challenges the Court's June 28, 2022, order transferring this action to the Eighth Circuit.

      The Court liberally construes this submission as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b).[1] *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474

---

[1] The Court declines to construe the submission as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) because such a motion "may not be filed prior to the entry of final judgment." *Mendez v. Radec Corp.*, 411 F. Supp. 2d 347, 349 (W.D.N.Y. Jan. 30,

(2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Petitioner's submission, the Court denies the motion.

## DISCUSSION

**A.      Jurisdiction**

The Court must first determine whether it has jurisdiction to consider Petitioner's motion. The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case); *Lothian Cassidy, LLC, v. Lothian Exploration & Dev. II, L.P.*, 89 F. Supp. 3d 599, 600-01 (S.D.N.Y. 2015). The transferor court retains jurisdiction over the action only if the party seeking review of the transfer makes a request for review "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995). Accordingly, "a party opposing the transfer of a case must preserve his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect." *Williams v. United States*, Nos.

---

2006). The Court here did not enter final judgment; it rather transferred the action to the Eighth Circuit, where the action is currently pending. To the extent the submission could be construed as a motion for reconsideration under Local Civil Rule 6.3, which is governed by the same standards as Rule 59(e), Petitioner has failed to demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).

09-CV-2179, 00-CR-1008 (NRB), 2015 WL 4743534, at *7 (S.D.N.Y. Aug. 11, 2015) (citing *Warrick*, 70 F.3d at 739).

On June 28, 2022, the Court directed that this action be transferred to the Eighth Circuit, and in accordance with this Court's Local Civil Rule 83.1,[2] the Clerk of Court electronically transferred the case on July 7, 2022. On July 8, 2022, the Court received an email notification from the Eighth Circuit acknowledging receipt of the case and its assignment of docket number 22-2446. (ECF 5.) On July 13, 2022, the Court received Petitioner's motion seeking reconsideration.

Under the "prison mailbox rule," a prisoner's document is deemed filed on the date that he gives it to prison officials for mailing. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001); *see also Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). Here, Petitioner does not state the date that he signed his letter or the date that he gave his letter to prison officials for mailing. He does state, however, that he received the Court's order on July 5, 2022, (*see* ECF 6, at 1), and his submission was postmarked on July 11, 2022, (*see id.* at 6). In light of Petitioner's *pro se* status, the Court assumes for the purpose of this order that Petitioner gave his submission to prison officials for mailing before the Eighth Circuit received the case on July 8, 2022, and that this Court therefore retains jurisdiction to consider Petitioner's motion for reconsideration.

---

[2] Local Civil Rule 83.1 provides that "[i]n a case ordered transferred from this District, the Clerk, unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of the case to the transferee court." The purpose of this seven-day delay is "to allow the party opposing transfer . . . to seek rehearing or appellate review." *Id.* (committee note).

B.  **Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). Where a petitioner challenges the denial of a post-conviction petition in a motion brought under Rule 60(b), "relief . . . is available . . . only when the Rule 60(b) motion attacks the integrity of the . . . *habeas* proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Petitioner's arguments, and even under a liberal interpretation of his motion, Petitioner has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Petitioner's motion restates the same arguments that he made in his original petition, and that the Court rejected in its June 28, 2022, order. Therefore, the motion under any of these clauses is denied.

To the extent that Petitioner seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to

warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Petitioner has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Petitioner's motion for reconsideration (ECF 6) is denied.

This matter is closed in this court. The court will only accept for filing documents that are directed to the Second Circuit Court of Appeals. If Petitioner files other documents that are frivolous or meritless, the Court will direct Petitioner to show cause why Petitioner should not be barred from filing further documents in this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 21, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                        Chief United States District Judge